UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THERESA L. R.,<br><br>                    Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C22-5644 RAJ<br><br>**ORDER AFFIRMING AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred by rejecting her symptom testimony and Mr. Sembroski's medical opinion.  Dkt. 15.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

This is the second time Plaintiff seeks review of her June 2017 applications for benefits. In a July 2019 decision, the ALJ issued a decision finding Plaintiff not disabled.  AR 12–33. This Court reversed the ALJ's decision in March 2021 and remanded for further proceedings. AR 975–87.  On remand, the ALJ held a second hearing and issued a second decision in June 2022 again finding Plaintiff not disabled.  AR 801–35.  Plaintiff now seeks judicial review of the ALJ's June 2022 decision.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Plaintiff's Testimony

Plaintiff testified she is unable to work due to fibromyalgia, osteoarthritis, degenerative disc disease, arthritis in her shoulders, hips, back, and knees, and migraines. AR 860. She explained her fibromyalgia varies in intensity. AR 863–64. She stated when her fibromyalgia symptoms worsen, she spends most of her time in bed. AR 879–80. She stated she has had injections and takes medication for her arthritis and fibromyalgia, but she often experiences constipation as a side effect. AR 861–62. She also stated to having one to two migraines a month. AR 864. She explained her migraines can last from six to 24 hours, and when she has them, she has to go to a dark room. AR 862–63, 881.

She stated that due to her pain, she spends most of her time reclining and alternating between laying and moving around. AR 877–78. She also stated her pain limits her ability to shower more than once a week and perform household chores. AR 871–73. She stated she can stand for 30 minutes and walk for 10 to 15 minutes before needing to sit down, lift up to 12 pounds, and sit for half an hour before she needs to get up. AR 867–69.

Plaintiff stated that when she worked at a hair salon, she only worked for two to four

hours, and she took half hour breaks in between her clients so she could rest.  AR 868–69, 876.  She explained she usually took one-day break between her working days to rest, but there were occasions where she had to rest for multiple days.  AR 881.

As for her mental health, Plaintiff testified to having depression.  AR 865–66.  She also stated she has problems with concentrating, especially with activities involving details and numbers.  AR 869–70.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ first rejected Plaintiff's testimony about her physical symptoms because her "physical examination findings have been primarily unremarkable and inconsistent with the degree of limitation asserted."  AR 814.  The ALJ specifically highlighted Plaintiff's antalgic gait, normal range of motion, intact motor strength and sensation, and the ability to heel and toe walk.  AR 430–31, 433–34, 468, 472, 477, 481, 613, 617, 627, 1730, 1734, 1952, 2018, 2023, 2028, 2032.  "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  However, the ALJ's citations are unavailing, considering the same treatment notes also show Plaintiff reported pain and muscle spasms, despite having more range of motion.  AR 470 (rating her current pain

"7/10"), 479 (same), 625 (same), 2018.  These subjective reports must especially be taken into consideration when evaluating the testimony of a claimant who has fibromyalgia, as objective findings such as those cited by the ALJ are "perfectly consistent with debilitating fibromyalgia." *See Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017) (finding the ALJ erred in discounting a claimant's testimony of pain by citing to medical records showing claimant exhibited normal muscle strength, tone, stability, and range of motion because fibromyalgia relies on the claimant's "reports of pain and other symptoms").  By rejecting Plaintiff's testimony based on her physical examinations, the ALJ erred.

The ALJ also rejected Plaintiff's testimony based on improvement from medication and physical therapy.  AR 815.  "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  The evidence the ALJ relied on shows that at the beginning of the relevant period, Plaintiff had varied results from her treatment regimen.  For example, Plaintiff reported improvements in her shoulder, lower pain score, and improved quality of life, but she also at times reported worsening joint pain.  AR 465, 428, 479, 625,1509, 1515, 1519, 1726, 1950, 2139.  However, records starting January 2021 continuously show she found injections alleviated her shoulder pain and her treatment for fibromyalgia "effective" and helpful in improving her function, without side effects.  AR 1737, 1741, 1747, 1751, 1755–56.

Plaintiff argues the ALJ failed to consider her statements about how fibromyalgia varies in intensity and how performing activities of daily living can increase her symptoms.  Dkt. 15 at 5–6; AR 799, 880.  Yet, the evidence the ALJ relied on show Plaintiff reported "generally feeling better" and her pain "generally controlled," while she was active and performing

activities of daily living. *See* AR 2021, 2025, 2030. "[W]e must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. The ALJ's interpretation that Plaintiff's symptoms are not as debilitating as alleged is supported here, given that Plaintiff herself continuously reported improvement in her pain symptoms even while remaining physically active. Accordingly, in rejecting Plaintiff's testimony regarding her physical symptoms, the ALJ did not err.

The ALJ also did not err in rejecting Plaintiff's testimony regarding her migraines. AR 815. The cited evidence shows Plaintiff denied experiencing headaches and continuously used medication. AR 466, 480. They show that Plaintiff used to experienced migraines two to three times a month, but their frequency later decreased to once or twice a month, as she testified during the hearing. AR 862–63, 2139, 2145. But Plaintiff also described her migraines "are not bad" especially with medication, massage, and application of ice. AR 2145. Plaintiff's own description negates her testimony about the intensity and severity of her migraines, thus the ALJ did not err in rejecting this part of her testimony.

Finally, the ALJ did not err in rejecting Plaintiff's testimony regarding her mental health. AR 815–16. Plaintiff argues the ALJ's evaluation of her mental health limitations is erroneous because her mental health symptoms were caused by her pain, which the ALJ "did not properly analyze." Dkt. 15 at 6. However, as just discussed, the ALJ permissibly rejected Plaintiff's physical symptom testimony. Further, the ALJ's finding that Plaintiff's mental health symptom testimony is inconsistent with her longitudinal mental status examinations is supported by substantial evidence. AR 816. Throughout the relevant period, Plaintiff was consistently euthymic or not depressed, alert and oriented, with linear, logical, and coherent thinking. *See* AR 517–47, 642–741, 1581–1725, 1902–41, 1964–2006, 2009–2131. The instances when

Plaintiff was noted as depressed or anxious often coincided with external stressors, including family issues and problems with her housing, further supporting the ALJ's determination that Plaintiff's mental health symptoms are not as severe as alleged. Further, the ALJ reasonably contrasted Plaintiff's statements about her memory and concentration difficulties with the results of her psychological evaluations, showing that even with her depression, her functionality within these areas were within normal limits and she is able to learn new tasks, follow directions, and concentrate. *See* AR 492, 796.

In sum, the ALJ provided at least one valid reason to reject Plaintiff's physical and mental health symptom testimony. More importantly, the ALJ's reasoning were supported by substantial evidence, therefore the Court need not assess other reasons proffered by the ALJ, and any erroneous reasons that were provided by the ALJ are rendered harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 2. Mr. Sembroski PA-C

Mr. Sembroski provided a medical opinion in April 2019. AR 798–800. He opined Plaintiff has fibromyalgia, chronic left shoulder pain, osteoarthritis, and chronic headaches. AR 798. He opined Plaintiff's pain is severe enough to interfere with her attention, concentration, and persistence for 20 minutes per hour. AR 799. He opined Plaintiff is limited to standing/walking for two to four hours and sitting for four to six hours during an eight-hour workday. *Id*. He opined Plaintiff would miss three or more days a month even if only limited to sedentary work, and Plaintiff would need "rest days" after working for two days in a row. AR 800.

Medical opinion evidence from all medical sources are weighed according to the factors set forth in 20 C.F.R. §§ 404.1520c, 416.920c. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). Under the new regulations, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Id.*; 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Plaintiff argues the ALJ committed legal error by rejecting Mr. Sembroski's opinion without citing to any evidence. Dkt. 15 at 7. The Court disagrees with Plaintiff's reading of the ALJ's decision. The record shows the ALJ considered the medical opinion's consistency with the rest of the record by referring to treatment notes previously cited and discussed throughout the decision. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (a court errs "by overlooking the ALJ's full explanation"); AR 818. As to whether the ALJ's consistency findings are supported by substantial evidence, the Court now addresses.

The ALJ first rejected Mr. Sembroski's opinions for their inconsistency with objective medical evidence.[1] *Id*. In doing so, the ALJ cited Plaintiff's "unremarkable" physical

---

[1] The ALJ stated that Mr. Sembroski's opinions were "not persuasive because they are inconsistent with and not supported by the objective medical evidence." AR 818. Though the ALJ used the term "supported," the Court construed this to be a consistency finding, rather than a supportability finding, because the ALJ proceeded to compare Mr. Sembroski's proposed limitations with the rest of Plaintiff's record. *See* 20 C.F.R. §§ 404.1520c(c)(2) (The consistency factor requires the ALJ to look into how consistent a medical opinion is "with the evidence from other medical sources and nonmedical sources in the claim."), 416.920c(c)(2) (same).

examinations that show she had "normal strength and sensation throughout, and normal gait." *Id*. But such findings do not necessarily negate Mr. Sembroski's proposed limitations in light of Plaintiff's fibromyalgia, which is often assessed on the basis of a claimant's reports of pain and other symptoms. *See Revels*, 874 F.3d at 666.

The ALJ also found Mr. Sembroski's opinions inconsistent with Plaintiff's treatment records. The ALJ's assessment is reasonable. At odds with Mr. Sembroski's opinion that pain would interfere with Plaintiff's ability to maintain attention, concentration, and persist are Plaintiff's mental examinations throughout the relevant period showing she remained alert, oriented and with linear, logical, and coherent thinking, despite her physical conditions. *See* AR 517–47, 642–741, 1581–1725, 1902–41, 1964–2006, 2009–2131. Plaintiff's reports of improvement in her physical symptoms due to medication and therapy also negate Mr. Sembroski's remaining proposed physical limitations, especially since she reported these improvements while simultaneously remaining physically active and performing activities of daily living. *See* AR 2021, 2025, 2030. Given Plaintiff's mostly mental status examinations and given her reports that her symptoms decreased with medication and physical therapy, the ALJ permissibly found Mr. Sembroski's opinions inconsistent with Plaintiff's record and did not err in rejecting them.

//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 25th day of October, 2023.

The Honorable Richard A. Jones
United States District Judge